GEYER, Plaintiff in Error, v. GIRARD, Defendant in Error.

1. Section 3 of the "act regulating conveyances," (R. C. 1845,) does not relate to conveyances of leasehold interests.
2. Where a lessee executes to his lessor a deed of trust upon the leasehold interest to secure the payment of a note given as a part consideration for the lease, and, before the maturity of the note, the lessee is evicted by one having a paramount title, and then takes a lease of the same land from the person so evicting, this lease will not enure to the benefit of a purchaser under the deed of trust.

*Error to St. Louis Land Court.*

This is an action in the nature of an action of ejectment. The facts as found by the court and agreed upon by the parties, are as follows : In the year 1849, John Girard, the defendant, leased from one Maria Solms, the premises in question for the term of ten years. Besides the rent reserved, he (Girard) agreed to pay $100, and gave his promissory note for the same, secured by a deed of trust upon the said lease. In the year 1852, and before the said note became due, the defendant, Girard, was ejected from the leasehold premises by one E. R. Mason, holding under a superior title. After such ejectment, the defendant, Girard, held a portion of said premises, (how long after, does not appear,) as tenant of said E. R. Mason, by a lease. It is agreed by the parties that the said E. R. Mason is the true and legal owner of the premises. After the maturity of said note, default being made in the payment of the same, the trustee of said Maria Solms sold to the plaintiff the premises of the defendant, held by the lease from M. Solms, and conveyed by said deed of trust. The plaintiff hav-

ing thus purchased the leasehold estate of the defendant, held by the lease from M. Solms, and conveyed by said deed of trust, relying upon that title, now brings this suit for the possession of said premises, as to all right thereto held by defendant under the said lease from Mason.

The court, sitting as a jury, found for the defendant and gave judgment accordingly.

*Delafield* and *Kribben*, for plaintiff in error.

*Jones & Sherman*, for defendant in error.


SCOTT, Judge, delivered the opinion of the court.

It is plain that in this case the after acquired title does not pass to the grantee in the deed of trust, by virtue of the third section of the act concerning conveyances. That section relates only to estates conveyed in fee simple absolute, and in its terms to no other estates. The subject of the conveyance under consideration is a leasehold interest. The circumstance that it is regarded as real estate by some of our statutes, does not affect this question.

The case must then stand on the reasonableness and justice of it. The doctrine in relation to after acquired estates passing by a former deed of the grantor, is not applicable to the circumstances of this case. The bare statement of the proposition is a sufficient refutation of it. A lessee, in addition to his annual rent, agrees to pay a sum in gross by way of bonus, and gives a deed of trust on the demised premises to his lessor to secure the payment of this sum. Afterwards, the lessee is evicted and takes a lease of the premises from the person by whom he has been evicted by a paramount title, and who is the real owner of them. Now it is maintained that this after acquired title passed by virtue of the express or implied warranty contained in the deed of trust, and that a purchaser under that deed acquired the title the lessee obtained under her last lease.

The purchaser under the deed is in no better situation than the original lessor, for whose benefit it was given. The terms

of the deed under which he purchased was notice to him, as the deed on its face showed that an after acquired title could only come in the event of the failure of the title obtained under the first lease, which was the sole consideration of the deed of trust. The other judges concurring, the judgment is affirmed.