## J. B. CUNNINGHAM *v.* G. G. DILLARD, ADM'R.

1. DEED. *Implied warranty.* "*Grant, bargain and sell.*" *Code* 1880, § 1196.

    Under § 1196, code 1880, declaring that the words "grant, bargain and sell" in a conveyance, unless limited by express words, shall operate as an express covenant that the grantor was seized of an estate free from incumbrances made by the grantor, the use of said words in a deed does not import a warranty that the grantor was seized of a *fee-simple* estate, but only of *some* estate of freehold in the land conveyed. That the grantor had only a life-estate, is not a breach of such implied covenant. *Bush* v. *Cooper*, 26 Miss., 599, distinguished.

2. SAME. *Covenant not extended by implication. Habendum.*

    Under said statute, such covenant, though implied, is, in effect, the same as if expressly inserted in the deed, and it cannot be extended by implication, because the *habendum* clause of the deed is, "to have and to hold the above described property to the grantee, his heirs and assigns forever, *in fee-simple*, against the claims of any and all persons whatsoever."

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

The case is stated in the opinion.

*A. C. Bogle*, for appellant.

The decree of the lower court cannot be sustained, unless the *habendum* clause of the deed be ignored entirely. This cannot be done. The whole instrument must be looked to, and effect given to all of its parts. The intention of the parties, if manifest, must control. Rawle on Covenants for Title, § 57.

The statute simply means that where the words "grant, bargain and sell" appear in a deed, and there is nothing else in the deed to indicate the intent of the parties, the statute defines the estate conveyed. *Weems* v. *McCaughan*, 7 Smed. & M., 422.

The grantor herself has declared in unmistakable terms what estate she conveys. It is expressly characterized as a fee-simple. To invoke the statute is to ignore the intention of the grantor and substitute for her contract another.

*Rives & Rives*, for appellee.

Complainant does not rely upon an express warranty, for there is none. The warranty implied from the use of the words "grant, bargain and sell" is only personal, and does not run with the land. It is a covenant that the grantor is lawfully seized of an estate to convey. It is a mere covenant of seizin and not a general warranty, and, if broken at all, it was broken when made. But the grantor did have a life-estate in the lands, and a perfect right to convey the same. Therefore, there was no breach of the statutory warranty.

The *habendum* clause cannot control the effect of the statutory warranty. It merely defines the quantity of interest or the estate which the grantee is to have in the property. Tiedeman on Real Property, § 844. Covenants, if any are intended, are usually inserted after the *habendum*, and if there are no express covenants, none are, ordinarily, implied. Washburn on Real Property, § 447; Tiedeman on Real Property, § 849; Williams on Real Property, §§ 443, 447. There can be no implied warranty except such as the statute prescribes.

COOPER, J., delivered the opinion of the court.

The statutes of this state in reference to conveyances of land, provide that the words "grant, bargain, sell," shall operate as an express covenant to the grantee, his heirs and assigns, that the grantor was seized of an estate, free from incumbrances made or suffered by the grantor (except the rent or services that may be reserved), as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in the conveyance; and the grantee, his heirs, executors, administrators and assigns, may, in any

action, assign breaches as if the covenants above mentioned were expressly inserted. Code 1880, § 1196; Code 1892, § 2440.

Mrs. Frances Jeffries, by the use of the statutory words, conveyed to one Mrs. Caroline P. Givens a tract of land, in consideration of the payment of $750, the *habendum* of the deed being in these words: " To have and to hold the above described property unto the said Caroline P. Givens, her heirs and assigns, forever, in fee-simple, against the claim or claims of any and all persons whatsoever." Mrs. Givens conveyed the land, by deed, with general warranty of title, to the appellant. Mrs. Frances Jeffries died on the twenty-sixth day of August, 1890, having by will devised her estate to the appellees, other than G. G. Dillard, who is the administrator *cum testamento annexo* of her estate. After the death of Mrs. Jeffries, the appellee, Fannie Jeffries, brought an action for the recovery of an undivided one-half interest in the lands conveyed by Mrs. Frances Jeffries to Mrs. Givens, and succeeded therein, by proof of the fact that Mrs. Jeffries had only a life-estate therein, and that the plaintiff in that action, Fannie Jeffries, was the owner of the remainder in fee. The complainant in the present suit seeks to recover from the representative of Mrs. Jeffries one-half of the purchase-price received by her from Mrs. Givens for breach of the covenant of title contained in the conveyance from Mrs. Jeffries to Mrs. Givens.

The defendants demurred to the bill of complaint, and their demurrer was sustained and complainant's bill dismissed, from which decree he prosecutes this appeal. Counsel for appellant seeks to maintain his suit by extending, by implication, the extent of the covenant of warranty. His contention is that, by the *habendum* of her deed, Mrs. Jeffries characterized the estate she professed to convey as a fee-simple, and that by necessary implication the warranty springing from the use of the statutory words, " grant, bargain and sell," is to be construed as a warranty of seizin of a fee-simple estate. This position cannot be maintained. The

warranty is created and measured by the statute. The statute declares that the deed shall be considered " as if the covenants above mentioned were expressly inserted." Now, if we take the conveyance executed by Mrs. Jeffries, and write it so as to express the covenants implied by law, we have, first, a granting clause sufficient to transfer whatever estate the grantor had in the land; second, an *habendum* in fee; third, a covenant that the grantor is seized of *an* estate (not in fee nor for life, but some estate of freehold, free from incumbrances made or suffered by the grantor, except the rents and services that may be reserved), and also for quiet enjoyment against the grantor, her heirs and assigns.

It is not suggested that there has occurred a breach of any of these covenants. It is conceded that the grantor was seized of an estate, viz., an estate for life; the complaint is that she was not seized of an estate in fee. But she did not expressly covenant that she was, and the statute does not impose such covenant by reason of the use of the statutory words. The effort of complainant is to enlarge the effect of the statute by extending its terms by implication. This cannot be done.

The decision in *Weems* v. *McCaughan*, 7 Smed. & M., 422, which is relied on by appellant, goes only to the point that the statute is not operative, if the conveyance, though using the statutory words, contains also express covenants, the court saying: " The covenants raised by law from the use of particular words in the deed are only intended to be operative when the parties themselves have omitted to insert covenants; but when the party declares how far he will be bound to warrant, that is the extent of his covenant." To the same effect are *Hoy* v. *Taliafero*, 8 Smed. & M., 727; *Duncan* v. *Lane*, *Id.*, 744.

In *Bush* v. *Cooper*, 26 Miss., 599, Judge Handy, in delivering the opinion of the court, declared that it had been held " that, under our laws, the terms grant, bargain and sell in a deed of conveyance, of themselves import covenants of gen-

eral warranty of title, and against incumbrances, and for quiet enjoyment, as effectually as though such covenants had been expressly contained in the deed. 7 Smed. & M., 422; *Id.*, 727; *Id.*, 744." In neither of the cases cited by the learned judge had the court in the remotest degree referred to the extent of the statutory covenant. In each case there had been express covenants, and, in each, the declaration was made that the statute did not apply, because of the existence of the express covenant.

The decision in *Bush* v. *Cooper* was manifestly right. The statute then in operation was as follows: "In all deeds or conveyances, whereby any estate of inheritance in fee-simple shall hereafter be limited to the grantee and his heirs, the words *grant, bargain, sell* shall be adjudged an express covenant to the grantee, his heirs and assigns, to wit; that the grantor was seized of an indefeasible estate in fee-simple, freed from incumbrances done or suffered from the grantor (except the rents and services that may be reserved), as also for quiet enjoyment against the grantor, his heirs and assigns," etc. A judgment had been recovered against Bush, and enrolled, thus forming an incumbrance on the land. Bush afterwards conveyed the land by a deed containing the words grant, bargain and sell, and no express covenant. He was afterwards adjudicated a bankrupt and discharged. After his discharge, the land was sold under the judgment, and he became the purchaser. It was held that he could not assert the title, thus acquired, against his grantee. In that case, there was a plain breach of the implied covenants of his conveyance. But the statute has been radically changed since that decision. Then the implied covenant was by the express words of the statute that the grantor was seized of an *indefeasible estate in fee-simple.* Now it is that he is seized of *an estate.* Mrs. Jeffries was seized of an estate, though but for life, and, so far as the complainant has shown, there has been no breach of such covenant, or of any other contained in her deed.     *The decree is affirmed.*