RAMSEY A. ROBERTS v. GEORGE THOMAS.

[48 South. 408.]

HOMESTEADS. *Right to acquire. Head of family. Widower. Temporary absence of children.*

A widower upon moving to this state does not forfeit a right to acquire a homestead here by temporarily leaving his children in school at the place whence he came.

FROM the chancery court of Jackson county.

HON. THADDEUS A. WOOD, Chancellor.

Thomas, appellee, was conplainant in the court below; Roberts, appellant, was defendant there. From a decree in complainant's favor defendant appealed to the supreme court.

The suit was instituted to cancel defendant's claim of title to land claimed by complainant as his homestead; the defendant's claim of title thereto was predicated of an execution sale of the land made by the sheriff of the county, under an execution against complainant, subsequently to complainant's occupation of the premises as a homestead. The property was of less value than the maximum value of a homestead exemption allowed by law to the head of a family. The opinion of the court further states the facts.

*May & Sanders,* for appellant.

The learned chancellor in the court below erroneously adopted the view that the unexecuted intention of appellee to bring his children, at some time in the future, from their domicile in Georgia to reside with him on the property in controversy had the effect of rendering the property exempt from execution. We insist, however, that in order for property to be consecrated to homestead uses it must first be actually baptised by the physical living presence of the family thereon. The intent of placing the family on the premises at some time in the future is not sufficient.

Even if appellee cherished the intent to place his family upon the property, such intent was never manifested by any outward signs. It is shown in evidence that appellee came alone to Mississippi, bought and lived alone upon the property in controversy; made no effort to place his family thereon, and notified no one of his claim thereto as a homestead; incurred indebtedness and failed to pay the same; had a just judgment rendered against him from which he took no appeal; and, subsequently, when the judgment creditor now seeks to have recourse against him, appellee seeks in turn to evade the payment of this just debt by hiding his property under the protecting cover of our homestead exemption laws. The situation is entirely different from the case of a freeholder, head of a family, living with his family upon a homestead and claiming exemption of the homestead from execution sale by reason of his actually occupying the premises with his family.

Under our statutes on the subject, it must be held that a previous occupancy of the premises by the head of the family and also his family, is necessary for one to claim homestead exemption. *Campbell v. Adair,* 45 Miss. 170; *Hand v. Wynn,* 52 Miss. 784; *Vigneaud v. Dean,* 77 Miss. 860, 27 South. 881; *Christy v. Dyer,* 81 Am. Dec. 493.

The homestead exemption is given to every "citizen, male or female, being a householder and having a family." Code 1906,

§·2146.   A family, within the meaning of the statute law, embraces a collective body of persons living together in one house or within the curtilage, and having the relation of parents and children or other close ties of blood.   *Wilson v. Cochran,* 98. Am. Dec. 553; *Prior v. Stone,* 70 Am. Dec. 348; 15 Am. & Eng. Ency. Law (2d ed.), 541; *Pearson v. Miller,* 71 Miss. 379, 14 South. 731.

*Denny & Denny,* for appellee.

That appellee was the head of a family and a householder at the time of the execution sale of his homestead is shown beyond question by the evidence.   The chancellor has so found, and, in view of the decisions of this state, such finding should not be disturbed.   *Pearson v. Miller,* 71 Miss. 379, 14 South. 731; *Nelson v. State,* 57 Miss. 286; Thompson on Homestead and Exemption, 49; 9 Am. & Eng. Ency. Law (2d ed.), 804, 806.

When the appellee became a citizen of Jackson county, he, as a householder and head of a family, was entitled to his homestead exemption rights.   The appellee's home was the home of his two infant children although the children had not been brought from Georgia.   *Lessly v. Phipps,* 49 Miss. 790; *Letchford v. Carey,* 52 Miss. 791; *Hinds v. Morgan,* 75 Miss. 509, 23 South. 35; *Martin v. Martin,* 84 Miss. 533, 36 South. 523.

The sale of appellee's homestead was clearly void, and the chancellor could not do otherwise than cancel the sale.   It was not necessary for the appellee to place his children upon the premises to make it exempt by law from execution.

The cases cited by appellant are not in point.

FLETCHER, J., delivered the opinion of the court.

George Thomas, the appellee, a widower, moved to Mississippi from Georgia some three years ago, and bought a house and lot upon which he actually resided.   He had two boys who remained behind in Georgia, boarding with their grandfather and attending school; their board and tuition being paid by the

father. The father testifies that he was holding the place where he lived as a home for himself and boys, who would rejoin him as soon as they finished their school course.

The sole question is whether Thomas had a right to hold this house and lot as a homestead against a purchaser at an execution sale. It will readily be conceded under all the authorities that appellee was the head of a family, and that he could send his children away from home to attend school without forfeiting his right to the homestead, provided he continued to reside in the home. It is difficult to see how the case can be different merely because the boys, who are temporarily absent at school, have never actually and physically resided in the home, provided there is always present their intention to do so as soon as their school days are over. The authorities cited for appellant are not in point. Mere occupancy certainly is not sufficient; but, when that occupancy is coupled with residence, citizenship, and the status of being the head of the family, the right is perfect, and cannot be defeated because the children have chosen to remain at school when the father removed rather than go through the useless ceremony of coming to Mississippi for a while, and then returning to their school duties.

The learned chancellor held correctly, and the decree is *affirmed.*