# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1919.

NYE ET AL. *v.* WINBORN.

[81 South. 644, Division A, No. 20674.]

HOMESTEAD. *Section. Noncontiguous tracts.*

A homestead exemptionist cannot claim as a homestead both a house and lot in a city and an eighty-acre tract of land situated about two and one-half miles from his residence in the City although both pieces of property together do not exceed the sum of three thousand dollars.

APPEAL from the chancery court of Covington County. HON. D. M. RUSSELL, Chancellor.

Bill by W. C. Winborn against Craig Nye and others who filed an answer, and cross-bill. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*C. M. Whitworth,* for appellant.

Section 2146 and 2147 of the Code of 1906, are the statutes for homestead exemptions for the country and city; but no provision in either section permits the city exemptionist to hold exempt an eighty-acre farm two and one-half miles out in the country, because he grew, thereon, agricultural products for a living. This holding is contrary to the very spirit of the law governing homestead exemptions. The acid test is, after all, does the family live upon and occupy the land

120 Miss.]          (1)

as a homestead. In this appellee fails to meet the require-
ments he and his family have lived in their residence,
continuously, since the year 1910, upon the six
lots and occupied the same as their homestead, in the
town of Mount Olive. Never have they at any time
lived or resided on this eighty-acre farm. Can both
be held as a homestead? If so then let the court dis-
tinguish between city and country homesteads.

In the case of *Thompson* v. *Tillitson,* 56 Miss.
36, delivered by Justice CHALMERS, who said actual
residence is a requirement of the statute, and the only
exceptions tolerated is an absence temporary in its
nature, produced by necessity or casualty and with a
purpose of speedy return as soon as the cause of ab-
sence has ceased. The above was approvingly quoted
in the case of *Myer Brothers Drug Company* v. *Fly,*
63 So. 229, no permanent residence of appellee or
residence of any kind on the eighty-acre farm; but
on the contrary his permanent and continued residence
is in the town of Mount Olive.

The learned chancellor in rendering his opinion held
the premises occupied by appellee, in the town alone,
did not constitute his homestead, and in support of this
contention cites the case of *FitzGerald* v. *Rees,* 7 So. 341.
In this case the land comprising the homestead was a
solid body of less than one hundred and sixty acres
separated from the residence only by corporation line.
The court in rendering that opinion said, "while the
residence is within the corporate limits of the town,
all of the land, except fifteen or twenty acres is without
such limits." If the land without the corporate limits
had constituted a farm, several miles in the country,
with lands and farms owned by divers people inter-
vening, would the great jurist, Justice COOPER, have
held it was a part of the homestead? It takes no
logician to answer this question for it is self-evident
what his opinion would have been.

The cases of *Acker* v. *Trueland,* 56 Miss. 30, also re-
ferred to by the Chancellor and *Parasot* v. *Tucker,* 65
Miss. 439, and *Baldwin* v. *Tillery,* 62 Miss. 378, have no
application to the case before this court. In the Acker
case the land sought to be condemned was separated
from the residence or homestead by a street in the
Parasot case by the I. C. Railroad and depot and in
the Baldwin case by a fence. In none of these cases
do the courts blend urban residences and rural farms,
holding both exempt. In all these cases the lands are
contiguous and immediately adjoining. In no case do
I find that a homestead can be held both in town, and
the country, separated two and one-half miles. The
eighty-acre farm in dispute can in no sense be con-
sidered a detached part of the Mount Olive homestead,
from the fact it never formed a part of it to be de-
tached, and before it could be detached, it first must
have formed a part of it.

The word detached, as defined by Webster's Univer-
sal Dictionary is, "Separated, disunited, disjoined;"
this eighty-acre farm was never at any time separated,
disunited, or disjoined from the Mount Olive home-
stead, and therefore cannot be considered, in any
respect a part of it.

In the case of *Partee et ux* v. *Stewart,* 50 Miss. 717,
the court said "where seperate tracts of land are
owned by the debtor; the privilege of making a selection
of the homestead does not exist; the law confines it to
the parcel upon which the family reside, and have
their residence, therefore the homestead of appellee
is in the town of Mount Olive. If this was not true
the debtor could own one acre in the city on which
he resided as his residence, and forty acres north of
the city in the county, forty acres East, forty acres
South, and thirty-nine acres on each division, file
homestead declarations to all of it, claim he was cul-
tivating the same and using it for agricultural pur-
poses for his living, and have houses, fit for habitation

on the fourth division, the amount falling within the statute, and claim all exempt as his homestead. This, it is contended, would be intolerable. If this eighty-acre farm is exempt, then the various parcels above stated would be exempt. I find no law in conflict with that laid down by 21 Cyc. 495, headed "Urban Homestead. When a homestead is claimed in a city or town, two or more adjoining lots, as designated in the plat of the city, may be exempt, if occupied as a homestead and not exceeding the value prescribed by statute; and in some jurisdictions the rule has some time been extended to include parcels not contiguous or separated from the home lots by streets and alleys, if used in connection with the homestead. If not used in connection with the residence lot the separate parcel is not a portion of the homestead. And on the other hand if the residence is urban, distant rural land cannot be included in the exemption. Where homestead privileges attach to business premises the urban homestead may include the family residene and contiguous or distant lots used by the head of the family for business purposes. But if the debtor resides at a homestead outside of the town, he cannot exempt his place of busines within the town, not contiguous to the rural property."

Can appellee, residing within the town, claim homestead exemption without the town, not contiguous to this country property? To state the proposition is to answer it.

*J. J. Stubbs,* for appellee.

Appellee is entitled, under the law, to a full and complete homestead, without regard to county, county district or corporate lines, provided he owns sufficient land and has by use and occupation impressed it with the character of a homestead. The policy of our law, is that every head of a family have full and complete

homestead; that is, where they are citizens of the state of Mississippi, Code 1906, section 2146, 2147, and these sections of the Code protect the homestead from seizure or sale under execution or attachment.

Homesteads may be composed of detached parcels of land, but when so composed they must be made up of those nearest the forty acres or other less tract containing the dwelling house. Code 1906, section 2151; Acts 1912, page 291; *Wiseman* v. *Parker*, 73 Miss. 378, 19 So. 102. There is no limit as to the distance from the dwelling house, the only directions being they must be composed of the detached parcel or parcels nearest the dwelling house. The facts in case at bar show that appellee had no other land other than the eighty acres in controversy and the half lots on which his dwelling house is situated. Then certainly his homestead, including this eighty acres, is made up of the land owned by him, nearest his dwelling house, which comply with the statute as to its provisions herein beyond question. Considering our liberal statutes to the exemptionist and the decisions of our own court liberally construing them, it is perfectly clear, that it is not essential that the lands used and occupied as a homestead should be in a body, or even contiguous bodies constituting the statutory amount of land exempt, in order to entitle the head of the family to hold same as his homestead. The test is, as defined by our own court, are the lands claimed as exempt occupied as a home for the family as a means of support, and are they within the amount allowed by the statute, both as to area and value? If these essentials all exist, it making no difference whether the lands in a single tract, or in contiguous parcels, or in detached parcels. County, county district nor corporate lines do not interfere with this doctrine, neither is proximity the test. Use and occupation is clearly the test, so held by all of the decisions. *King* v. *Sturges*, 56 Miss. 606; Cite *Baldwin* v. *Tillery*, 62 Miss.

378; *FitzGerald* v. *Rees,* 67 Miss. 473, 7 So. 341; *Hinds* v. *Morgan,* 23 So. 35; *Tanner* v. *Tanner,* 71 So. 749.

The simple fact, that there is a corporate line between the property of appellee, appellants are trying to get the courts to deny appellee this beneficient right. This seems to be appellants' sole contention, the contention of appellants, that the parcels of land, if more than one, makes the homestead it must be contiguous, is not the true doctrine. There are quite a number of cases in our own reports on this point. *Acker* v. *Trueland,* 56 Miss. 30, settled this point, and subsequent decisions have served to extend the rule there announced. To the same effect is *Parisot* v. *Tucker,* 65 Miss. 439; and in *Baldwin* v. *Tillery,* 62 Miss. 378, the court held that the rule applicable to urban property is not different from that applicable to rural homestead exemptions.

Again, to take the view of the counsel for appellants, that appellee is only entitled to a homestead in the town of Mount Olive, (which we do not expect to present this point), then we say under the law and evidence in this case, that the land is still exempt. "That in town and villages the homestead is measured by its value, not exceeding three thousand dollars and is unaffected by territorial extent." *Martin* v. *Martin,* 84 Miss. 553, 35 So. 523; *Stevens* v. *Wilbourn,* 83 Miss. 514, 41 So. 66. Notice carefully the conclusion in the opinion just last cited. The greatest value placed on all of this land, including the eighty acres and residence was fifteen hundred dollars and other witnesses valued it much less. Appellee is entitled to a full homestead under the law. See *Wilcher* v. *Thompson,* 12 So. 828.

One entitled to a homestead, may select his homestead by Homestead Declaration. Code 1906, section 2148, and the authorities cited thereunder. The effect of a homestead declaration. Will the court read section

2149, Code 1906? This section provides that a homestead declaration is subject to contest for legal designation or allotment. If he has declared for too much, or have insufficiently or improperly described the premises, and to contest by creditors on the grounds that he was not entitled to a homestead, and by the wife on the grounds that it was intended to defraud or circumvent her. If none of these things obtain, as in the case at bar the statute is plain that he holds the land so selected as exempt. The court will bear in mind here, that the homestead declaration was on record before the sale, that by it the notice was given to purchasers. Please read this section carefully. For the reason, all the cases cited in the case by appellants are where the homesteader did not select his homestead by homestead declaration before the sale sought to be set aside. It seems that when he does select it under the statute, before sale of the property, that unless the same can be attacked for some of the reasons laid down by the statute, that it is binding on him and his creditors, provided he can show that he has used and occupied it as such. Manifestly appellee shows in this case that practically his entire living has come to himself and family, since 1912, from his cultivation and use and occupation of said land. The fact that there is a house on each tract can make no difference, neither if one of them was sometimes rented. *Baldwin* v. *Tillery,* 62 Miss. 378; *Colbert* v. *Henly,* 64 Miss. 374, 1 So. 631. In the case of *Baldwin* v. *Tillery, supra,* the court there observed that "from a consideration of all the statutes on the subject, we think the necessary conclusion is that so long as the value of the property is less than the limit fixed by the statute, the debtor may erect on the premises and hold as exempt any building necessary or convenient either to the home as a residence or to the business in which he or his family is engaged." The value of all the property together in this case is less than the statutory limit.

Counsel for appellants, in his brief seems to advance the idea, that in these modern times, with liberal constructions of the statutes in favor of the exemptionist by all the courts, that for an exemptionist to hold land under his homestead exemptions, that he with his family must actually squat on the identical land claimed as his homestead; that no other way can he use and occupy the same to impress it with the character of a homestead and thereby have it exempt; that the land sought to be exempted must have once been attached to the homestead before it could possibly be a detached parcel. This is too narrow construction and is not the law and not the policy of the law, and not the meaning of the staute, where it provided that a homestead may be made up of detached parcels of land. If counsel for appellants was correct in his construction, there could be no homestead made up of detached parcels of land and the statute providing for same would amount to nothing.

The trend of legislative enactment and judicial interpretation toward an increasing liberality in protecting the family through homestead exemptions is expressed by this court in the cases of *Gilmore* v. *Brown,* 93 Miss. 63, 46 So. 840; *Mercantile Co.* v. *McIntyre,* 93 Miss. 806, 47 So. 435. We quote from the last mentioned case: "The homestead right is a favored one in the law, and the courts will not be on the alert to defeat the assertion of those rights. Whenever there is a serious doubt as to whether or not property is or is not a homestead, the doubt should be solved in favor of the exemptionist, sustaining instead of defeating the estate, which is created by sound legal policy." Distance cannot be the test. If the parcels which make up the homestead can be separated by a street or a lot, it can be seperated by two and one-half miles, if the use and occupation of the land be the same; if not, why

the difference? No sound reasoning can tell the .difference.

The chancellor's finding under the proven facts and circumstances in this case is in perfect harmony with the policies of our law, and with justice in the cause, hence, we submit that his decision in this case should not be disturbed.

SYKES, J., delivered the opinion of the court.

The appellee, W. C. Winborn, filed a bill in the chancery court to remove clouds from his title to eighty acres of land and to cancel a deed made to appellants by the sheriff in pursuance of a sale under an execution. An answer and cross-bill was filed by the defendants in the court below, appellants here. In the cross-bill they ask for a decree for rent of the land in controversy. The cause was tried on pleadings and testimony, and a decree was entered in accordance with the prayer of the bill, removing the clouds from the title and canceling the sale under the execution. From which decree this appeal is prosecuted.

There is but one question presented for adjudication to this court, and that is whether or not the eighty acres of land in controversy was a part of the homestead of appellee. If it constituted a part of the homestead, then it was not subject to sale by the sheriff under the execution. If it was not a part of the homestead, then there was a valid sale, and the claim of the appellants must prevail. The appellee, prior to the year 1910, had been a section laborer on a railroad which passed through Mount Olive. While engaged in this occupation, he purchased a residence in the town of Mount Olive, and he and his wife have continuously resided there since the date of purchase. A year or two later he quit working for the railroad company, and in 1912 bought the eighty acres of land involved in this controversy. At that time this land was in

woods. It is situated about two and one-half miles from the corporate limits of Mount Olive. Since the purchase of this land, the appellee has cleared and put in cultivation about twenty acres. He has built a small two-room negro cabin on it, which was once occupied by negroes. Since appellee ceased to work for the railroad company, he has devoted his entire time to farming this tract of land. He usually goes out to it in the morning from his residence in Mount Olive and returns to his residence at night. A few days before this land was sold under execution, the appellee made a homestead selection in accordance with section 2148, Code of 1906, section 1823, Hemingway's Code. In this selection he claimed as his homestead both this residence in Mount Olive and the eighty acres of land. The combined value of the two properties does not exceed the exemption homestead value. The testimony shows that the appellee and his wife have resided in the house in Mount Olive since its purchase in 1910; that appellee has never lived or resided on the eighty-acre tract of land, but has merely fenced it, built a negro house on it, and cultivated a part of it; that the distance between the residence and the little farm is about two and one-half miles.

Under section 2146, Code of 1906, section 1821, Hemingway's Code, relating to homestead exemptions in the country, the exemptionist is entitled to hold "the land and buildings owned and occupied as a residence by him or her." The amount of land is here limited to one hundred and sixty acres, and the value is limited to three thousand dollars. Under section 2147, relating to exemptions in cities, towns, and villages, the same language appears as in the previous section, namely, "the land and buildings owned and occupied as a residence." This court has repeatedly held that these sections are to be liberally construed in favor of the exemptionist. In order, however, for the land to be exempt under the plain language of these sections, it

must be owned and occupied as a residence. What is meant by this term was very aptly expressed by the court in the opinion in the case of *Campbell* v. *Adair*, 45 Miss. 170, as follows:

"One of the leading objects of these statutes is to create, preserve, and protect a home for the family, for the wife, mother, and children, as well as for the husband and father. A characteristic feature of home is a place of residence, of which occupancy is an essential element. As a general rule, to constitute a homestead there must be actual occupation, and use of the premises as a home for the family. The premises must be appropriated, dedicated, or used for the purpose designated by the law, to wit, as a home, a place to abide and reside on, 'a home for the family.'"

This language in the Adair Case was quoted with approval by STEVENS, J., in the opinion in the case of *Mounger* v. *Gandy,* 110 Miss. 133, 69 So. 817, and again by POTTER, J., in the opinion in the case of *Tanner* v. *Tanner,* 111 Miss. 460, 71 So. 749. The opinion in the Tanner Case further says:

"The law does not exempt to every head of a household who lives in the country one hundred and sixty acres of land worth not more than three thousand dollars, but the statute exempts to the head of the household a homestead consisting of one hundred and sixty acres of land worth not exceeding in value three thousand dollars."

The homestead of the appellee in this case is his residence in Mount Olive. No exemptionist is entitled to two homesteads. The eighty acres of land is in no sense a part or parcel of the town property. There is no connection whatever between the residence in Mount Olive and the eighty acres of land; they are absolutely separate and distinct. To hold that this land was a part of the homestead would be in effect to allow an exemptionist to claim as exempt as many seperate and distinct parcels of land as he might own separated

by any distance the one from the other, with the only limitation that the value of the holding be not more than three thousand dollars. All that can be said in favor of the appellee's claim is that he merely occupied or used this eighty acres of land for farming purposes. This court, however, in the case of *Roberts.* v. *Thomas,* 94 Miss. 219, 48 So. 408, 136 Am. St. Rep. 573, said:

"Mere occupancy certainly is not sufficient; but, when that occupancy is coupled with residence, citizenship, and the status of being the head of the family, the right is perfect."

In his selection of the homestead appellee was correct in selecting his residence in Mount Olive, as that really is his homestead. He had no right, however, to select two homesteads, and the erroneous declaration of the eighty-acre tract of land as a part of the homestead does not make it in fact such. It follows that the chancellor erred in holding that this eighty acres was a part of the homestead.

The decree of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*