Meyers *et al. v.* American Oil Co.

(In Banc. Dec. 20, 1941.)

[5 So. (2d) 218. No. 34781.]

**Jeff Collins,** of Laurel, and **Joe A. McFarland, Jr.,** of Bay Springs, for appellants.

Hannah, **Simrall** & **Foote**, of Hattiesburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

There was an agreed statement of facts which we will here copy in lieu of a statement thereof to be made by us:

"It is agreed by and between the attorneys for the plaintiff and defendant that the defendant, Henry (Dutch) Meyers is a resident citizen of the Second District of Jasper County, Mississippi, and has been since 1931, and living with his wife and family as the head of

the family; that on the 11th day of June, 1931, the defendant Henry (Dutch) Meyers bought and acquired by deed the property sued for herein by the plaintiff and since this time he and his wife have been using the said property as a place of business for the support of the family; that on September, 1938, he executed a deed of trust without his wife joining in the execution of it to the plaintiff, the American Oil Company, but he and his wife remained in possession of it; that on the 17th day of May, 1932, defendant deeded the said property to his wife, Elsie Meyers, which deed was recorded; that on the 30th day of Sept., 1937, Mrs. Meyers and her husband deeded the said land to Sue Ann Blackwell, for a loan of money, and the defendant remained in possession of said land and went on using it as before this deed was made; that on ———— day of July, 1940, Sue Ann Blackwell deeded the said land back to Henry (Dutch) Meyers; that on the 12th day of November, 1940, the said land was sold under the deed of trust given to the plaintiff, American Oil Company, when the plaintiff bought it in and took the title from the trustee in the deed of trust in itself; that then this suit was brought to oust the defendants from the possession; the justice of the peace gave judgment for the defendants upon the claim that the property was the homestead of the defendants, and the deed of trust was void because the defendant's wife did not join in the execution of the deed of trust.

"It is further agreed that the defendants all the time from the first purchase of said property until August, 1939, lived on a piece of property they had rented a short distance from this property in dispute, and had no other property in their name, except the property in question, and occupied no other property, except the property they had leased in this property, which they were using as place for their support, and the maintenance of their family; the family took daily their dinner and supper at the place in dispute, and took their breakfast at the place they had rented and slept at the place where they had

rented; that the husband and wife both worked at the said place, wherein they had a restaurant and other business; that they claimed the said property as has been all the time their homestead, but they have never made any record declaration of it; that in August, 1939, they moved all their household goods into said property, and have lived there since, and installed butane gas and fixed it up generally for their dwelling; that the property occupied under the lease was not directly contiguous to the property in question, but was about three fourths of a mile distance therefrom.''

It is the first contention of appellants that, under the particular facts, the property should be considered their homestead at the date of the deed of trust to appellant, although the family was at that time actually residing on the non-contiguous leased property three quarters of a mile away; and appellants quote at length from Hinds v. Morgan, 75 Miss. 509, 23 So. 35. A case more nearly in point is Nye v. Winborn, 120 Miss. 1, 81 So. 644. Without extending the discussion on this question, about which so much has already been written by this Court, we say no more than that in our opinion the property in controversy was not the homestead of appellants at the time the deed of trust was given to appellee by the husband.

The second contention of appellant seems to be that because the husband had no title to the property at the time he gave the deed of trust, and because the family at a subsequent date had actually moved upon the property, and was making it their home at the time the husband acquired his subsequent title, the deed of trust should be made to operate as of the date of the subsequent acquirement of the title by him, and therefore void because there was no joinder in its execution by the wife.

Nothing is better settled in this state than the rule that the grantor and all persons in privity with him shall be estopped from ever afterwards denying that, at the time his deed of conveyance was executed, he was seized of the property which his deed purported to convey, and

that mortgages and deeds of trust are within this rule. By statute, sec. 2125, Code 1930, the rule is extended even to quit-claim deeds. The effect of this doctrine of estoppel by deed is the same as if in the deed itself, or in the mortgage, there had been inserted with valid force the express provision that it then and there conveyed not only all the title then possessed by the grantor in the property therein described, but all that he might thereafter acquire; wherefore to give that full and adequate efficacy to the rule which its nature and reasons require, there must be included as inherent in it the element that any after-acquired title, so far as concerns the grantor and his privies, relates back as of the date of the original deed—or, as sometimes phrased, the estoppel runs with the land.

And as between mortgagor and mortgagee there is a further consideration: The relationship between mortgagor and mortgagee is such that neither shall do anything as respects the trust property which will impair the rights of the other or embarrass the enforcement of those rights. The mortgagor is allowed to retain possession of the property until condition broken, or more generally until foreclosure, but upon the trust necessarily implied that he will not do or permit to be done anything which will lessen the sufficiency of the security or in derogation of its availability as such. A leading case on this subject is Clark v. Baker, 14 Cal. 612, 76 Am. Dec. 449.

Had appellant Meyers owned the complete title to the property at the time he gave the mortgage to appellee, the same not then being a homestead, none would contend that thereafter he could establish a homestead thereon, and thereby intercept the enforcement of the mortgage. Under the principles set forth in the foregoing paragraphs, the legal situation remains the same as respects a subsequently established homestead asserted in conjunction with an after-acquired title. To suggest that a grantor who conveys property without title thereto may

afterwards maneuver himself, or those in privity with him, into a more advantageous position as respects that property than he could have occupied had he had complete right and title at the time of the conveyance, would be to propose that which upon its face carries its own refutation.

Affirmed.