JACKSON et al. v. HOLT.

(In Banc. March 23, 1942. Suggestion of Error Overruled April 27, 1942.)

[6 So. (2d) 915. No. 34883.]

Ralph L. Landrum, of Jackson, for appellants.

J. L. Carballo and J. D. Guyton, both of Kosciusko, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The land involved in this case is located in a sixteenth section. Under the Act of February 27, 1833, it was leased on September 26, 1835, for a period of ninety-nine years, so that the lease expired on September 26, 1934. On November 10, 1921, the unexpired lease was owned by F. Z. Jackson, and on that day he conveyed the land by a special warranty deed to the complainant, L. C. Holt, who at the same time to secure the purchase money gave to Jackson a deed of trust on the land. It is not disputed that nearly all, if not all, the principal amount of the purchase price remains yet unpaid, and that the security therefor was renewed by Holt and wife on January 1, 1929, and again on February 10, 1933. But sometime after this last renewal Holt declined to recognize it as imposing any obligation upon him, and on June 24, 1939, the trustee sold the mortgaged property at public sale to appellants and duly executed his trustee's deed in pursuance thereof.

On October 31, 1934, or in about a month from the time the original 99-year lease expired, complainant Holt procured a new lease from the Superintendent of Education of the county. This lease was cancelled on October 4, 1938, and on that day another lease for a period thence of fifteen years was executed by the superintendent to Holt, with the approval of the board of supervisors. No question has been raised as to the validity of this new lease.

The bill in this case is by Holt against the foreclosure purchasers under the deed of trust given by Holt and to cancel any and all claims of the purchasers under that foreclosure, the contention by Holt being that the deed of trust, although without any reservations or qualifications, covered only the original 99-year lease and that when that lease expired all rights of the mortgage against the land expired at the same time, and particularly that any new lease acquired by Holt to the land would not inure to the benefit of the deed of trust. This contention

was upheld by the trial court, and the purchasers have appealed from the decree.

The rule is well settled, and no present array of the authorities is necessary to reinforce it, that when a mortgagor executes a deed of trust on land and to the entire interest therein, without reservation or qualification, the effect of the instrument is to cover and include not only all the title then possessed by the mortgagor therein, but all that he subsequently acquires. See the recent case Meyers v. American Oil Co., 192 Miss. 180, 5 So. (2d) 218.

Appellee says, however, that there is an exception to the rule when purchase-money mortgages are concerned, and undoubtedly the exception is well sustained by the authorities in those cases where the mortgage is given to the seller for the purchase price of land to which land the grantor had no title and the mortgagee was obliged subsequently to acquire the real title from another source. This exception is illustrated by cases such as Florida Land Investment Co. v. Williams, 84 Fla. 157, 92 So. 876, 26 A. L. R. 171. Where the grantor has no title at all and, therefore, conveys nothing of any value, the deed of trust given to him for the purchase price is without equity in that it has not the support of the essential element of a valuable consideration. And it may be that cases may arise wherein, although the grantor had some title, yet the equities against him are such that he should not be allowed to avail of the rule of inurement under a deed of trust given to secure the purchase price, as to which see the notes 26 A. L. R., pages 173-177.

But here the purchaser obtained a title good for approximately thirteen years, during which time he occupied and used the land paying, as heretofore mentioned, little or nothing therefor to the seller, and he is therefore in no position to avail of the exceptions which he invokes. By his special warranty deed Jackson bound himself to convey no more than the unexpired term of the 99-year lease; Holt admits that he knew when he purchased the

land that he was getting only the unexpired lease, and he nowhere suggests, even if it were available, that the price which he agreed to pay was any more than what the unexpired lease was worth at the time of his purchase. He agreed to the price and made the debt therefor knowing what he was getting, wherefore no equitable reason exists as to why any after acquired title should not inure to the benefit of the mortgage which he gave to secure that price and debt.

Reversed and remanded.

DISSENTING OPINION.

Alexander, J., delivered a dissenting opinion.

Although both parties have proceeded upon the assumption that appellant's present title is derived through foreclosure of a deed of trust which warranted the title to the lands in question, such is found not to be the fact. This particular deed of trust warranted the title to certain personalty therein, but mortgagor undertook only to "grant, bargain and sell" the land. This is not sufficient to constitute a warranty. Cunningham v. Dillard, 71 Miss. 61, 13 So. 882; Code 1930, sec. 2126. Here the use of such words was held to convey only the life estate of which grantor was seized.

The majority opinion is based upon the familiar doctrine that a title subsequently acquired by a grantor inures to the benefit of his prior grantee. The principle is sound and just, but its thrust should go no deeper than the estoppel upon which it rests. The bill alleged without answer, and the proof showed that both parties well understood that the interest conveyed by the deed to Holt and his purchase-money deed of trust back to Jackson conveyed only the unexpired portion of a 99-year lease of sixteenth section lands. There is substantial logic in the position that a grantee may not assert against his grantor a claim to a greater interest than that which

each understood was being conveyed. In McInnis v. Pickett, 65 Miss. 354, 3 So. 660, an after-acquired title to the whole was held not to inure to a prior grantee to whom grantor had conveyed "all the right, title and interest I have in the estate of my father." No magic is implicit in this language. Its force was merely that it made certain that which in the instant case needed no clarification to the parties, and which under our law relating to leases of such lands, is presumed to have been known to them. Estoppel can not arise in favor of one who knows the truth. Thompson, Abstracts and Titles, p. 225, sec. 130. And the theory of estoppel in such cases is that a grantor may not assert anything in derogation of his deed or mortgage (Id., p. 219, sec. 129), nor "of the assurances contained in it" (Bush v. Cooper, 26 Miss. 599, 59 Am. Dec. 270), nor deny that he was seized of the property "which his deed purported to convey." Meyers v. American Oil Co., 190 Miss. 180, 5 So. (2d) 218, 220; Bramlett v. Roberts, 68 Miss. 325, 10 So. 56. Holt did not lead the mortgagee or beneficiary to assume that a greater title or estate was being conveyed than the unexpired term. Jackson was not led to take any disadvantageous position in reliance upon the recitals of the deed of trust, which indeed were less effective than the special warranty by which Jackson conveyed such estate to Holt.

The deed to sixteenth section lands, conveyed only the unexpired portion of the lease; not only because both parties so understood but also because under Code 1930, sec. 2118, "all alienations and warranties of lands purporting to convey or pass a greater estate than the grantor may lawfully convey or pass, shall operate as alienation or warranties of so much of the right and estate in such lands as the grantor could lawfully convey . . ." Pace v. State, 191 Miss. 780, 4 So. (2d) 270, 271; Jones v. Metzger, 132 Miss. 247, 96 So. 161.

However relevant the above considerations may be, I rest my dissent upon the recognized exception to the

general principle stated in the majority opinion. This exception arises when land is conveyed in a deed of trust securing the purchase price thereof, and the seller or grantor seeks to avail of a title thereafter acquired by the mortgagor or vendee. This exception is clearly set out in Nelson v. Dwiggins, 111 Fla. 298, 149 So. 613, 614, where the facts are almost identical. Here the court said: "The reason for the exception is given in the cases cited, and is based on the idea that it would be unjust to allow a purchase-money mortgage to be foreclosed on any greater title than the seller had conveyed, merely because it contained a covenant of warranty." In its opinion denying a rehearing, the court further elaborated its reasoning as follows: "The pitch of the holding of this court in its original opinion was that, in the absence of a showing of special circumstances taking the case out of the general rule, a purchase-money mortgage cannot be foreclosed on any greater interest or title than the seller had conveyed to the mortgagor, in consideration of the mortgagor's giving of the mortgage being foreclosed, merely because the mortgage as given contained a covenant of warranty. This necessarily led to the conclusion that, since there was a deed from the mortgagee bank to the purchase-money mortgagor, and the giving back of the purchase-money mortgage was in consideration of such deed, and the two instruments were simultaneous transactions, the purchase-money mortgage, being foreclosed, should be held limited to the exact interest in the land that had been simultaneously conveyed to the mortgagor by the mortgagee bank's deed, the original vendor's lien of the bank having, as we have held, been waived by the new form the transaction took, when the vendor bank elected to take a mortgage security on the particular interest in the mortgaged property that had been conveyed to the mortgagor by the mortgagee's deed." See, also, Florida Land Inv. Co. v. Williams, 98 Fla. 1258, 116 So. 642; Florida Land Inv. Co. v. Williams, 84 Fla. 157, 92 So. 876, 26 A. L. R. 171. In the annotation to the

report of the latter case in 26 A. L. R. 171, 173, it is stated: "Although not without dissent, the rule adhered to by a majority of the cases in which the question has been most directly considered is that a title subsequently acquired by one who had given a purchase-money mortgage to his grantor does not inure to the benefit of such grantor," and an array of cases is cited in support thereof. The exception is recognized in 36 Am. Jur., Mortgages, sec. 256, p. 818, and the exception is given special sanction where the mortgage contains no covenants of warranty. It was held in Geyer v. Girard, 22 Mo. 159, that where a lessee, in addition to his annual rent, agreed to pay a sum in gross by way of bonus, and gave a deed of trust of the demised premises to his lessor to secure the payment of the same, and afterwards was evicted by title paramount, and took a lease of the premises from the holder of the paramount title, he did not hold the title thus acquired for the benefit of the first lessor.

It may be further reasoned that since the deed of trust was but a conventional recognition of the vendor's lien in favor of Jackson, it should not secure to him a greater interest than he had thereby conveyed, nor than his retention of title would have accorded to him. Let us suppose that upon default prior to expiration of the lease, Holt had, in order to avoid the foreclosure of such vendor's lien, executed a quitclaim back to Jackson. Would any future acquisition of the title by Holt inure to Jackson's benefit? In McInnis v. Pickett, supra, the estoppel in such cases was held to be "coextensive with the estate, right, or interest which the conveyance purports to pass." But let us follow appellant in his reasoning. By asserting that the later acquisition of title by appellee inured to appellants' benefit, appellant overlooks the fact that he had during the life of the original lease specially warranted the title to Holt. Let us assume then, that Jackson later had procured a new lease in his favor. Would such after acquired title have inured to Holt? Yet this, in fact, is exactly what has happened. The chain

712

of title is as follows: Jackson to Holt by special warranty; Holt to Landrum, trustee, by simple conveyance; Landrum, trustee, to Jackson. The last conveyance vested a title in Jackson after execution of the new lease. Is not Jackson therefore estopped to set up this after acquired title in derogation of his prior unconditional special warranty? The query need not be here resolved. It serves to emphasize the dilemma which confronts appellant when he attempts to estop appellee without suffering estoppel against himself. The recognized exception is the only just solution. If any loss is thereby occasioned to appellant, it is because he neglected for thirteen years to foreclose his deed of trust, or because Holt is not able to pay his note. Such loss of security was inevitable upon expiration of the lease term since there was no obligation upon Holt to procure a new lease and no understanding between them that he would do so. Moreover, appellant was free to apply for the new lease in his own favor. The title which Holt received from appellant was just as good or just as precarious as that which appellant had conveyed to him. The exception does no violence to the general principle and avoids more mischief than it could ever provoke.

**Smith, C. J.**, concurs in this dissenting opinion.