VINCENT *v.* J. W. McCLINTOCK, INC.

(In Banc. Oct. 28, 1946. Suggestion of Error Overruled Dec. 9, 1946.)

[27 So. (2d) 681. No. 36173.]

R. Leon Bass, of Belzoni, for appellant.

448

**V. B. Montgomery,** of Belzoni, for appellee.

**Griffith, J.**, delivered the opinion of the court.

The facts, undisputed or else well proved, are: On January 29, 1929, one M. D. Vincent was the sole owner of the parcel of land involved herein. On that day he gave a deed of trust on the property to a named trustee to secure a specified indebtedness to J. W. McClintock, executor, the indebtedness to become due on June 1, 1929. The deed of trust was filed for record on February 1, 1929.

Default was made in the payment of the debt, another trustee was duly substituted by recorded instrument in the place of the original trustee and on March 7, 1931 the substituted trustee made a sale of the property under the powers vested in him and on the same day executed and delivered his trustee's deed to the purchaser J. W. McClintock, Incorporated. This deed was promptly recorded, and the purchaser went into the possession of the property. No point is made which would challenge the validity of the trustee's sale.

For the taxes of the year 1931 the property was assessed to M. D. Vincent, the mortgagor, the tax lien becoming effective under the law as of January 1, 1931. None of the parties paid the assessment, and for the delinquent

taxes of the year 1931 the property was sold to the State at the tax sale on September 19, 1932. The validity of the tax sale is not challenged, and it is undisputed that the sale was not redeemed within the time allowed by law.

Approximately one month after the maturity of the tax title in the State, the wife of the mortgagor, Maria L. Vincent, appellant here, obtained a forfeited tax land patent from the State for the land, which she duly presented to the foreclosure sale purchaser, the appellee here. Appellee sought legal advice and was advised that the patent in the hands of appellant was good whereupon appellee surrendered possession.

Within the 10 year statute of limitations by adverse possession appellee was advised that the apparent title carried by the State patent could not be asserted by the wife of the mortgagor against the purchaser at the foreclosure sale and thereupon the latter instituted this suit to cancel appellant's claim of title and to have her purchase from the State declared to be a mere redemption from the tax sale so far as the interest of appellee, the purchaser at the foreclosure sale is concerned. There was a decree in conformity to the prayer of the bill and from that decree this appeal is before us.

Appellant makes numerous contentions in the effort to have the decree reversed, none of which are well taken, and we think only one of them would be of sufficient interest to bench and bar to justify further comment. That point is as to the relative status of appellee as a third party purchaser at the foreclosure sale.

Had the mortgagee become the purchaser at the trustee's sale the mortgagor could not have set up any after-acquired title against him, and certainly this must be true if the after-acquired title had any substantial connection in the course of events by which the purchaser at the foreclosure sale obtained his right and title; and the same disqualification would extend to the mortgagor's wife. This is settled in this State, the applicable principles being sufficiently disclosed in the recent cases,

Meyers v. American Oil Co., 192 Miss. 180, 5 So. (2d) 218; Jackson v. Holt, 192 Miss. 702, 6 So. (2d) 915, and Stuart v. Pickett, 193 Miss. 455, 10 So. (2d) 207.

But appellant seems to take the position that because a third person, and not the mortgagee, was the purchaser at the trustee's sale, none of the stated disqualifications against the mortgagor or his wife would operate in favor of the third party purchaser. So far as we can find this precise point has not been decided by this Court but the authorities elsewhere appear to be all to the effect that one who purchases at a valid foreclosure sale of a mortgage or deed of trust acquires thereby all the interests of both the mortgagor and the mortgagee in and about the mortgaged property and may protect himself under their rights. Sufficient of the cases are cited in the annotations to Sec. 1890, Mortgages, 42 C. J. pp. 245-247, among which is Bannard v. Duncan, 79 Neb. 189, 112 N. W. 353, 126 Am. St. Rep. 661, wherein it is stated that the purchaser acquires the interest of the parties as effectually as he would have done by deed from them.

And this must be true both as a matter of principle and of policy and not only as to judicial foreclosures but as to sales by trustees. When the mortgagor conveys property to a trustee and thereby authorizes the trustee to make a sale thereof in cases of default in the payment of the secured debt, the trustee in making the sale is the agent of the mortgagor as well as of the mortgagee, and when he has made a valid sale, his deed evidencing it is of the same legal effect as had the mortgagor and the mortgagee made the deed themselves, for the purchaser pays the purchase money to and for the mortgagor on the debt held by the mortgagee. Moreover, if the third party purchaser were not entitled to the stated rights, and thus without them the mortgagor or the mortgagee or both were left at liberty to set themselves against him, the inducement to purchase at foreclosure sales would be radically depreciated to the hurt of both the parties to the

instrument and particularly the mortgagor whose interest in any foreclosure sale is that the property shall bring the highest bid possible to secure.

Affirmed.

**Sydney Smith, C. J.,** did not participate in this decision.