HUDDLESTON, et ux. *v.* JAMES, et al.

Apr. 21, 1952.

No. 38379 (58 So. (2d) 86)

W. H. Johnson, Jr., C. E. Johnson, and Geo. E. Gleason, for appellants.

S. T. Roebuck, and **A. B. Amis, Jr.**, for appellees.

**Hall, J.**

Appellees brought this action to establish and foreclose a lien on the leasehold interest of appellants in certain sixteenth section school lands, and this appeal is from a decree granting the relief sought.

The facts found by the chancellor and abundantly supported by the evidence are as follows: The unexpired leasehold interest in the lands in question was owned by W. W. James at the time of his death in 1945. Appellants lived near these lands and on numerous occasions undertook to purchase from the James heirs their interest therein. In the early part of 1947 the heirs orally agreed to sell the same to appellants for a consideration of $2,000 but they could not deliver possession that year because the land had already been rented for the year to a third party who was unwilling to vacate. It was then agreed that the proposed trade would be made a year later but that appellants would have the benefit of $150 rent on the premises for 1947. In the early part of 1948 the trade

was concluded by delivery of a conveyance to appellants for the $2,000 consideration, $500 of which was cash paid and the remaining $1,500 of the purchase price was secured by a deed of trust on the property, evidenced by a note due in consecutive annual installments of $300 each with 6% interest from date.

A dwelling house and barn were on the property as well as fences and a part of tthe land was in cultivation and a part was pasture land. The deed to the Huddlestons uses the words ''bargain, sell and convey'' and does not contain any warranty of fee-simple title. At the time of delivery of the deed and deed of trust the Huddlestons were fully advised that the lands were in a sixteenth section and that the original lease would expire in about two years, and that they would be assisted in obtaining another lease thereon upon expiration of the existing lease. Actually the original lease expired one year sooner than the parties had thought but there was no fraud in the transaction as a representative of the James heirs had been advised by the County Superintendent of Education that the lease would expire on December 31, 1949. In early January 1949 the James heirs learned that the lease expired on December 31, 1948, and one of the James heirs immediately went to notify the Huddlestons of this fact but was then advised that the Huddlestons had already learned of the expiration of the original lease and had obtained another lease from the proper authorities for a period of twenty-five years for a consideration of $3.75 per year. The Huddlestons paid the first annual installment of $300 and interest on their note but declined to make any further payments thereon.

Appellants contend that the deed of trust gave the James heirs a lien only upon the unexpired leasehold interest in existence at the date thereof and that the lien does not extend to the new leasehold interest subsequently acquired by appellants and that consequently the chancellor was in error in fixing the lien thereon and ordering a foreclosure thereof for the admitted balance of $1,200 and interest due on the note. This

question was answered directly contrary to appellant's contention in the case of Jackson v. Holt, 192 Miss. 702, 6 So. (2d) 915, the holding in which is succintly stated in the syllabus as follows: ''Where owner of 99-year lease which had 13 years to run conveyed the land by special warranty deed to purchaser who executed trust deed on the land to secure the purchase money, and subsequently the purchaser, who had knowledge at time he purchased the land that he was acquiring only the unexpired lease, procured a new lease, the new lease inured to the benefit of the trust deed and was covered thereby.''

The decree is therefore affirmed and the cause remanded for execution of the terms thereof under the supervision of the lower court.

Affirmed and remanded.

**Roberds, Alexander, Holmes** and **Arrington, JJ.**, concur.