Brown et al. *v.* Coker et al.

[92 South. 585.  No. 22687.]

Vendor and Purchaser. *Sale will be rescinded or damages allowed for material mutual mistake as to identity of land; purchaser held entitled to rescission or damages for mutual mistake as to boundaries.*

A land sale will be rescinded, or damages allowed purchaser, where a mutual material mistake is made as to identity of land intended to be purchased. *Held,* facts warrant rescission or damages.

Appeal from chancery court of Humphreys county.
Hon. E. N. Thomas, Chancellor.

Action by D. L. Brown and others against R. L. Coker and others. From a decree dismissing the suit, plaintiffs appeal. Reversed and remanded.

*Noel, Jordan & Neilson,* for appellants.

Failure of deed to legally convey that part of tract which constituted material inducement for purchase by vendee, even though not intentionally, and though vendee had placed false estimate on the value of such a thing, makes sale rescindable. Chief Justice Sharkey, in *Gilpin* v. *Smith,* 11 S. & M. 109, 130-1; *Harrison* v. *Gibson,* Walker, 165, 169; *Oswald* v. *McGehee,* 28 Miss. 340; *Rimer* v. *Dugan,* 29 Miss. 477; *Davis, Admr.* v. *Heard,* 44 Miss. 50; *Vincent* v. *Corbett,* 94 Miss. 868, 873, 48 So. 186; *Mc-Neer & Dood* v. *Norfleet,* 113 Miss. 611, 74 So. 577; *Fleming* v. *Miller,* 124 Miss. 721, 722; *Westerman* v. *Corder,* 36 Kan. 239, Ann. Cas. 1913C 60, 63.

Whether the party misrepresenting a material fact knew it to be false, or made the representation without knowing whether it was true or false, is wholly immaterial, for the affirmation of what one does not know or believe

to be true, is equally in morals and law, as unjustifiable as the affirmation of what is known to be false. And even if the party innocently misrepresents a material fact, by mistake, it is equally conclusive, for it operates as a surprise and imposition on the other party. 1 Story's Eq. 225, par. 193; *Smith* v. *Richards,* 13 Peters (U. S.) 36, (10 L. Ed. 42) ; *Read* v. *Walker,* 18 Ala. 332; *Shaeffer* v. *Sleade,* 7 Blackf. (Ind.) 178; *Bennett* v. *Judson,* 21 N. Y. 238; *Shackleford* v. *Handley Executors,* 1 A. K. Marshall, 496 (10 Am. Dec. 753) ; *Oswald* v. *McGehee,* 38 Miss. 340, *Rimer* v. *Dugan,* 30 Miss. 483 (77 Am. Dec. 687) ; *Davis* v. *Heard,* 44 Miss. 50, 58; 2 Pomeroy's Equity Jurisprudence, sections 852, 853; *Bigham* v. *Madison,* 103 Tenn. 358, 52 S. W. 1074, 47 L. R. A. 267. *Allen et al.* v. *Luckct,* 94 Miss. 868, 873, cited and approved in *Fleming* v. *Miller,* 124 Miss. 721, 722.

Whatever may be the law in other states, the above authorities demonstrate the law of Mississippi, brought down to date which holds that a vendor is entitled to rescission of a deed for false representations innocently made. This same doctrine with scores of cases supporting it, including several from the supreme court of the United States is given in a note in *Westerman* v. *Corder,* Ann. Cas. 1913C, 63, under the rule:

"Rescission of deed, whether for fraud, or 'a case of mutual error and mistake in reference to situation of the land' entitles vendee to repayment of the purchase money and damages sustained." *Harrison & Gibson* v. *Stowers,* Walker 165, 169; 39 Cyc. section e, 2014-15, 2036-9; *Davis* v. *Frank,* 44 Miss. 50; *Miller* v. *Palmer,* 55 Miss. 343.

Appellants have a lien for their purchase money and outlays, incident to their land purchase.

The rule which has obtained for many years in this country and in England is that, "the purchaser of land by an executory contract, where the contract fails by reason of vendor's default, and without any fault of the purchaser, is entitled to a lien upon the land for the repayment of what he paid under the contract. If the contract fails or

is avoided, because of the inability or refusal of the vendor to make it a marketable title, or title free from incumbrances, or because of fraud or misrepresentation, in the contract, or for any other reason which is chargeable to the vendor and which is not due to default on the part of the purchaser, the latter is given a lien upon the land as security for the repayment of what he paid in the performance of the contract." 39 Cyc. 2031-2, citing many cases including *Davis* v. *Frank,* 44 Miss. 50; 2 Washburn on Real Property 93; *Bibb* v. *Prather,* 1 Bibb (Ky.) 313; *Shirley* v. *Shirley,* 7 Blackf. (Ind.) 452; *Taft* v. *Kessel,* 16 Wis. 274; *Payne* v. *Atterbury,* 1 Harrington (Mich.), ch. rep. 414. (Cited in *Miller* v. *Palmer,* 55 Miss. 343); 39 Cyc. 2036-8 and authorities there cited.

The principles set forth in the above points and authorities, cited in support of same, seem to us so clear as to need no special argument nor brief.

*Roberts & Hallam,* for appellee.

Unless appellants have established clearly in the mind of the court that Dr. Hooper as agent of the appellees, with full authority so to do, made the representation as to the northwest corner of section 3 as testified to by Brown, the only witness competent to testify on this point, the testimony of Allen and Fancher, being purely hearsay, and the court does not believe the testimony of Dr. Hooper on the vital question, the appellants, did not make out their case and the defendants in the court below were clearly entitled to the decree awarded them by the lower court. It is the law of Mississippi that the right to a rescission of the contract does not rest upon the same ground as the right to specific performance. In general, "fraud or plain and palpable mistake must appear to justify the rescission of a contract." *Liddell* v. *Sims,* 9 S. & M. 610.

Although they used the materials and there was no loss to the appellants they asked a court of equity that they be

reimbursed for these very same materials. This demand at least of the appellants would hardly satisfy the equity maxim of coming into equity with clean hands.

The court's careful attention is directed to the cases of *Samson* v. *Beale,* 27 Wash., 557, reported in 68 Pac. 180; *Improvement Co.* v. *Newlands,* 39 Pac. 366, 367. Also quoting from *Slaughter's Adm'r.* v. *Gerson,* 13 Wall. 379, 20 L. Ed. 627.

The propositions of law submitted in the brief of appellants correctly states the law of the state of Mississippi, but are not applicable to the issues in the present case. The appellants overlooked the fact that they were dealing with an agent with limited powers instead of the responsible principals. So far as the principals are concerned in this case there was a meeting of minds as to all essential elements. The principals offered to sell sections 2 and 3 for a certain price and the appellants agreed to purchase this same land at the price proposed by appellees. A reference to the sale contracts, a part of this record, will clearly demonstrate this proposition.

On the second proposition, all the cases cited by appellants are cases in which the dealings were had between vendor and the vendee and the representations made were made by the vendor to the vendee, or as in one case, by the vendee to the vendor. But the fact that an opinion was stated by the agent of the vendors, even if called a representation, puts quite a different attitude of the matter before the court. We agree with appellants that a misrepresentation made by the vendor whether made fraudulently or mistakenly, would entitle the vendee under the proper conditions to the right of rescission but not so under the conditions in the present case.

The third proposition we submit is proper if the facts of the case would entitle the appellants to a decree for a rescission, and likewise the fourth proposition.

And we also submit, that if the court should find that appellants are entitled to any damages on account of the difference in the value of the lands which appellants

thought they were securing over that which they did secure because of the deed, then, the cause should be reversed and remanded for the proposition of determining what the difference in value is, but we respectfully submit that from the foregoing authorities, presented in this court as bearing upon the evidence presented, clearly entitles the appellees to expect with confidence that the finding of this court will be that, the finding of the lower court will be affirmed in all respects.

Holden, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court, dismissing a suit instituted by the appellants to rescind the purchase of land on account of mutual material error in the description and location of the land purchased from appellees, and to place appellants in *statu quo,* or award such reasonable damages as they sustained on account of the mutual mistake of the parties as to the land intended to be conveyed. We shall state the facts sufficient only to an understanding of the opinion:

In the summer of 1919 appellees Coker, Cowan, and Payne owned the two sections of land here involved in Humphreys county. Appellants, Brown, Allen, Fancher, and Ray owned other lands in the same vicinity and desired to purchase the two sections mentioned. Dr. Hooper owned the S. ½ of section 34 lying immediately north of said section 3. Dr. Hooper, as agent for appellees to sell said sections 2 and 3, took appellants over the land and pointed out to them the southwest corner of section 34, and stated that this corner was also the northwest corner of said section 3, which last section appellants desired to buy. Appellants wanted to buy section 3, so as to be adjacent to the Sunflower river and the public road, and being led by Dr. Hooper, agent of appellees, to believe that the southwest corner of section 34 was the northwest corner of section 3, agreed to purchase the land, and did purchase it, for fifty thousand dollars.

The map furnished appellants by Dr. Hooper, agent of appellees, also showed that the southwest corner of section 34 was the northwest corner of section 3. Dr. Hooper also stated that he was sure the corners of sections 34 and 3 were the same, as his surveyor had told him so. There is no dispute in this record that Dr. Hooper, as agent of appellees, informed appellants, which information they acted upon, that the corners of the two sections were the same.

After the sale was made it was discovered that the true western line of section 3 was about five chains east of the line pointed out by Dr. Hooper, and that the southwest corner of section 34 was not the northwest corner of section 3, but that the northwest corner of section 3 was about 100 yards east of the southwest corner of section 34. Consequently, about 50 acres of land, which appellants thought they were buying in the western part of section 3, was not in section 3, but they purchased 50 acres instead on the eastern side of section 2, which latter 50 acres they had inspected, thinking that it was in section 1, and had expressly declined to buy it, because worthless, before the purchase of sections 2 and 3 involved in this suit.

So the case is simply this: The undisputed testimony in the record shows that by mutual mistake of appellants and Dr. Hooper, agent of appellees, the appellants did not purchase or get the land they thought they were buying, and which was represented that they were buying by Dr. Hooper. It is shown that a great difference exists in the value and situation of the 50 acres lying immediately west of section 3 and 50 acres in the eastern side of section 2. It also appears that the appellants would have obtained access to the Sunflower river, a navigable stream, had they gotten the 50 acres west of section 3 which they understood they were purchasing.

The uncontradicted evidence in the case leads us to the conclusion that there was an honest mutual mistake between the parties as to the identity of the land intended to be conveyed, and we think the difference in the value

and location of the land deeded and the value of the land appellants intended to buy is sufficient to be considered a material error, and a moving or contributory cause in the transaction. Therefore it is our judgment the chancellor erred in refusing to grant the proper relief asked for by the bill. Whether, under the facts and circumstances of the case, the sale should be entirely rescinded, and the parties placed in *statu quo ante,* or whether the appellants should only be allowed damages for the difference in the value of the two 50-acre tracts of land, and thus make them whole in the transaction, we shall not here decide, but will reverse the decree and remand the cause for a new hearing and decision by the lower court, in equity and good conscience.

*Reversed and remanded.*