## VIRGINIA TRUST Co. *et al. v.* CATOE.

(Division A.   Feb. 18, 1924.   Suggestion of Error Overruled March 17, 1924.)

[99 So. 261.   No. 23810.]

1. VENDOR AND PURCHASER. *Mutual mistake as to right to convey entitled purchaser to rescission.*

   A mutual mistake between the parties to a contract for the sale of land, as to the vendor's right to convey title to the purchaser, entitled purchaser to rescission.

2. VENDOR AND PURCHASER. *Sufficient tender of possession by purchaser seeking rescission held shown.*

   Where purchaser, on definite ascertainment that vendor had no right to convey title to the land, acknowledged vendor's title and right of possession, and offered to rent the land from vendor, and continued in possession on vendor's denial of the right in purchaser to rescind the contract, the purchaser, in bill for rescission, was not required to make a further offer of possession, even if such an offer was necessary in such a case, since a further tender of possession would have been useless.

3. VENDOR AND PURCHASER. *Purchaser who had been tenant, on rescinding, properly charged with reasonable rent for occupation after execution of contract.*

   Where a tenant entered into a contract for the purchase of the land from the landlord, the court, in decreeing a rescission on the ground that vendor had no right to convey title, properly charged purchaser with the reasonable rent for the use and occupation of the land subsequent to the execution of the contract, instead of the rent previously paid, since relation of landlord and tenant ceased when tenant began to hold under the contract.

APPEAL from chancery court of Tallahatchie county, Second District.

HON. C. L. LOMAX, Chancellor.

Bill by E. V. Catoe against the Virginia Trust Company and others. Decree for complainant, and defendants appeal, and complainant cross-appeals. Affirmed.

*Wilson, Gates & Armstrong,* and *Julian C. Wilson,* for appellants.

The facts in this case, and the ultimate question to be decided are simple. The appellee undertook to buy, and the Trust Company undertook to sell sixteen hundred acres of land at about its fair price on a rising market. Both believed when the executory contract was made that the Trust Company had power to convey a perfect title. Before the time came for the making of the conveyance, both parties knew that this was in great doubt as a matter of law and would be decided in litigation, to which they were parties. Both decided to go ahead with their trade, consummate it, make and take the deed, and they did so. The primary legal question was decided against the power of conveyance; but, before it was ultimately decided, it was ratified by nearly the entire interest, so that the appellee got almost, but not quite, what he would have obtained if they had been correct as to the ultimate result of the lawsuit. He continuously ratified his purchase until the supreme court decided the principal legal question against the power of conveyance, and the values of the lands had greatly gone down. Then, without giving up the property, he attempted to rescind, declined all efforts to secure him a good title, and, in the lower court, secured rescission while still in possession of the property.

The appellants claim the decree of rescission should be reversed.

I. In a case of this kind the party must surrender possession before he can maintain a suit for rescission unless he is evicted, and especially where the vendors are not shown to be insolvent and in the absence of a showing of actual fraud. *Wofford v. Ashcraft,* 47 Miss. 646; *Grice v. Sellers,* 43 Miss. 56; *Winstead v. Davis,* 40 Miss. 786; *Johnson v. Jones,* 13 S. and M. 582; *Vick v. Perry,* 7 S. and M. 688; *Wilty v. Hightower,* 68 S. and M. 349 and 350; *Coleman v. Rowe,* 5 How. 469; *Anderson v. Lincoln,* 5 How. 284; *Latham v. Morgan & Fitz,* S. and M. Chan. 618; *Maxwell v. Sherman* (Ala.), 55 So. 520; *Benjamin v. Hoggs,* 31 Ark. 151; *Hill v. Den* (Cal.), 53 Pac. 642;

*Losmolinos Land Company* v. *Mackey* (Cal.), 165 Pac. 926; *Gilpin* v. *Watts,* 1 Colo. 479; *Whilock* v. *Denliger,* 59 Ill. 96; *Allen* v. *Adams* (Iowa), 143 N. W. 1092; *Getchel* v. *Kirby* (Maine), 92 Atl. 1097; *Schlak* v. *Healey* (Nebr.), 187 N. W. 427; *Goth* v. *White* (N. Y.), 33 Barb. 76; *Tompkins* v. *Hyatt,* 28 N. Y. 347.

We, therefore, contend that this suit must be reversed and dismissed, even though it is done without prejudice to a subsequent suit on surrender of possession.

II.   There can be no rescission for a defect in title in litigation between the purchaser and others at the time of the consummation of the purchase.   Equity never relieves against a mere mistaken assumption of law, but the legal matter becomes a question of fact, or the supposed mistake is coupled with oppression, undue influence, or other inequitable conduct, to become the subject of relief.   1 Story's Equity Jurisprudence.

It is a well-settled rule that if one who enters into an executory contract, as Catoe did in this case, is misled— either by fraud or mutual mistake—and has notice of the fraud or of the mistake before the contract becomes executed, and then proceeds, he elects to do so and take his chance, and from that time on is without remedy. *Edwards* v. *Roberts,* 7 S. and M. 544; Williston on Contracts, section 1594; *Kingman & Co.* v. *Stoddard,* 85 Fed. 740, 29 C. C. A. 418; *Vernol* v. *Vernol,* 63 N. Y. 45; *Encyclopedia Press* v. *Harris,* 167 N. W. 363 (Minn.); *McDonough* v. *Williams,* 77 Ark. 261 and 271.

It is plain, therefore, that when Catoe learned that there was a lawsuit challenging the right of the Virginia Trust Company to convey, he had an election to proceed or stop, and when he proceeded he took the chances of the lawsuit, in which he then embarked.   It is a universal rule that if, in buying, the purchaser knows of a defect in his title he will not be relieved in equity for such defect.   *Anderson* v. *Lincoln,* 5 How, 280; *Wiggins* v. *McGimpsy,* 13 S. and M. 540 and 541; *Aires* v. *Mitchell,*

3 S. and M. 690; *Williams* v. *Rainey,* Freeman's Chancery, 114.

It is equally plain that Catoe resolved to abide the hazard of the lawsuit to which he was defendant, and this was in effect a contract of hazard. In such cases, equity does not relieve for a defect of either quality, quantity, or title. *Sutton* v. *Sutton,* 7 Grattan (Va.) 234; 56 A. D. 109.

III. It is very generally held that rescission will be denied for a defect in title, where the defect is removed before the decree of rescission goes down. *Johnson* v. *Whitehead,* 7 S. and M. 577; *Morse* v. *Davidson,* 1 S. and M. 112; *Davidson* v. *Morse,* 5 How. 673; *Fletcher* v. *Wilson,* S. and M. Chan. 376; *Kimball* v. *West,* 15 Wall. 377-379; Book 21, pp. 95-96; *Topp* v. *White* (Tenn.), 12 Heiskell 165.

It is true that up to this time the title presented is not absolutely perfect, but it is submitted that such perfection will not be required where the purchaser bought, as Catoe did, in the face of the challenge of the title, challenged in this instance by a lawsuit which he chose to disregard.

IV. The right to rescind was lost by acquiescence, ratification, delay and repeated and continued acts which affirmed the purchase by complainant. *Alig* v. *Lackey,* 114 Miss. 397; *Memphis, etc. R. R. Co.* v. *Neighbors,* 51 Miss. 412, 422; *Johnson* v. *James,* 13 S. and M. 584; *Fetcher* v. *Wilson,* S. and M. Chan. 390; *Pintard* v. *Martin,* S. and M. Chan. 127.

*May, Sanders & McLaurin,* and *Hays, Stingily & Whitten,* for appellee.

When Catoe and the Trust Company entered into the contract of purchase and sale, which culminated in the execution of the special warranty deed of date December 18, 1918, they did so under the mistaken belief that

the Trust Company had power and authority to convey. This proved to be erroneous; it was a mistake of law and fact, or rather as to the private legal rights of the Virginia Trust Company under the law, against which mutual mistake equity will relieve.

In the purchase and sale of land the rule of *caveat emptor* applies, but when parties enter into a contract, both believing the legal result of which is one way, and it is afterwards found out to be another, it is such mistake which entitles either party to a rescisson. *Burton* v. *Haden,* 108 Va. 51, 60 S. E. 736, 15 L. R. A. (N. S.) 1038; *Cooper* v. *Phibbs,* 2 L. R. A. 149 A; Pomeroy's Equity Jurisprudence, sections 842-849; *Morgan* v. *Bell,* 16 L. R. A. 614, and the cases there cited; *Livingston* v. *Murphy,* 187 Mass. 315, 72 N. E. 1012, 105 Am. St. Rep. 400. *Alexander et al.* v. *Meek, et al.,* 96 So. 101, and *Jones, et ux.* v. *Metzger,* 96 So. 161, clearly state as the law of this state that equity will relieve against a mutual mistake of law. See, also, *Allen* v. *Luckett,* 94 Miss. 68, 48 So. 186, 136 Am. St. Rep. 605.

II.    Complainants seek to avoid the consequences of such a mutual mistake on the theory that, although such mistake did in fact exist at the time of the execution of the contract of purchase and sale, yet on account of the fact that a suit had been filed before the consummation of that contract by delivery of the special warranty deed which challenged the authority of the Trust Company to convey, a mutual mistake as to the power of the Trust Company to convey could not have existed.

Our answer to this must be that in truth and in fact a mistake which was mutual did exist. It is not a question of *should* Catoe have known that the Trust Company did not have authority to convey, but *did* he know that they did not have authority to convey at the time of the execution of the deed. In *Burton* v. *Haden,* 108 Va. 51, 60 S. E. 736, 15 L. R. A. (N. S.) 1038, Mrs. Burton probably should have known that under the will, by which she

obtained title to the property in question, she obtained title to the whole, but she did not know this, and thought she only obtained title to one-third, and acting on the belief that she only owned a one-third interest she conveyed to Haden. When she discovered her mistake she sought and obtained rescission of the sale and deed.

There are facts here shown by the record, which absolve Catoe from any negligence in not knowing that the Trust Company had no power to convey.

III. It is further contended that appellee was not entitled to rescission because he had not surrendered possession of the purchased property before filing his bill.

At the time of the decision of the supreme court in the Buford case, holding that the Trust Company had no power to convey, appellee's lease contract had not expired. Catoe immediately notified the Trust Company through E. G. Martin, the man with whom he had negotiated for the purchase of the property, that he would not proceed further with his purchase. He then held merely under the terms of his lease. The question of surrender of possession did not come up between Catoe and the Trust Company, for they were as anxious for him to retain possession as he possibly could have been to do so. In any event, if it were necessary that possession should have been surrendered before bill filled this case could only be reversed with directions to Catoe to give up his possession, a needless burden of litigation on both parties.

Appellee could not enforce specific performance because the Virginia Trust Company had no title to convey; he could not even elect as to whether or not to seek rescission or specific performance; there was only one course left open to him, that was to rescind. Even though the Trust Company had some kind of a title they could convey, Catoe had the privilege of electing as to whether or not he should accept this title, or refuse to go on further with the contract. *Mathews* v. *Patterson, 2 How.*

729; *Gilpin* v. *Smith,* 11 S. and M. 109; *Wilson* v. *Cox,* 50 Miss. 135.

Catoe has not ratified the sale of the property, and there is no law or rule of equity which requires him to accept any kind of a title afterwards tendered him, more especially since the title only represents fourteen-fifteenths of what he attempted to purchase.

Argued orally by *Julian C. Wilson* for appellants and *A. J. McLaurin* and *Carl Stingily* for appellee.

Holden, J., delivered the opinion of the court.

The appeal is from a decree rescinding a contract of sale of certain lands because of a mutual material mistake between the parties as to the right of the vendor to convey title to the purchaser. The facts of the case bring it within the principle of the right of rescission already well settled in this state and elsewhere. See *Alexander* v. *Meek* (Miss.), 96 So. 101; *Jones* v. *Metzger* (Miss.), 96 So. 161.

The complainant in the bill for rescission had acknowledged the title and right of possession in the vendor as soon as it was definitely ascertained that the vendor had no right to convey title to the land, and the vendee in the contract then offered to rent the land; but the vendor, appellant, denied ownership, in that it claimed appellee was the owner by purchase, which resulted in the vendee continuing in the occupation of the land. This in effect amounted to an offer of the land back to the vendor, and it would have been a useless thing to make further offer of possession in the bill, even if such an offer was necessary in this case.

The cross-appeal as to the amount allowed to the vendor as rent for the land is without merit, because the relation of landlord and tenant had creased when the tenant began to hold under the unauthorized deed made to him by the vendor, and the relation under the old tenancy

was never restored. Therefore the court was correct in charging the vendee with the reasonable rent for the use and occupation of the land.

The decree is affirmed on both direct and cross appeal.

*Affirmed.*